IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| PAC WEST DIVERSIFIED, LP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No.: 3:24-cv-183 |
| | ) | |
| PROTECH ROOFING SYSTEMS, LLC | ) | |
| | ) | |
| Defendant | ) | |

## COMPLAINT

Plaintiff, PAC WEST DIVERSIFIED, LP, by and through its counsel, files this Complaint and Demand for Jury Trial against ProTech Roofing Systems, LLC and alleges the following:

## THE PARTIES

1. Plaintiff Pac West Diversified, LP (hereinafter referred to as "Pac West") is a limited partnership organized and existing under the laws of the State of Delaware, with its principal place of business located at 555 Capitol Mall, Suite 900, Sacramento, California, engaged in the ownership of commercial and industrial properties. At all relevant times, Pac West was authorized to conduct business in Texas.

2. Pac West is comprised of the following partners: PWD GP, LLC, a California limited liability company, is the sole General Partner; Pac West Equities, LP, a Delaware limited partnership, is the sole Limited Partner.

3. Defendant ProTech Roofing Systems, LLC. ("ProTech") is a limited liability company organized and existing under the laws of the State of Texas, is a roofing contractor engaged in the business of, *inter alia*, roofing installations and roof repairs with its principal place of business located at 5959 Gateway West 325, El Paso, Texas, 79925. ProTech may be served

with process by serving its registered agent Noe Flaco at 13579 La Batalla Court El Paso, Texas 79928.

## JURISDICTION AND VENUE

4. Original jurisdiction of this Court exists pursuant to 28 U.S.C. §1332 because there is complete diversity of citizenship between Plaintiff, its partners and members and Defendant and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391 in that a substantial part of the events and/or omissions giving rise to the claim occurred within this District.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

6. At all relevant times, the building located at 6750 North Desert Boulevard, El Paso, Texas 79912 was owned by Pac West and is operated as a combined warehouse and commercial office building.

7. On or about August 16, 2022, ProTech entered into a contract with Buzz Oates Management Services ("Buzz Oates") as agent for Plaintiff Pac West wherein ProTech agreed to, among other things, repair portions of the roof on the building at 6750 North Desert Boulevard, El Paso, Texas 79912 ("the Building"). A true and correct copy of the contract is attached to this complaint as Exhibit "A" ("the Contract").

8. On or about September 21, 2022, while ProTech was performing its roofing work, rainwater was allowed to enter the property causing water damage throughout the Building. Damage occurred to, *inter alia*, the ceiling tiles, walls and carpet on both floors in all offices, restrooms, lobby and cafeteria, which is along the front of the building.

9. As a direct and proximate result of the roofing work performed by ProTech and the resulting damages to the building, roof, extra expenses, and business interests, Pac West sustained losses in an amount in excess of One Million Three Hundred Thousand Dollars ($1,300,000.00).

10. As a direct and proximate result of the roof leak and resulting damage, Plaintiff sustained property damage in an amount in excess of $1,300,000.00.

11. The acts and omissions of the defendant, and its employees, servants, and agents directly and proximately caused the damages which Plaintiff has suffered. Accordingly, the defendant is liable to Plaintiff for the previously described damages.

## COUNT I – BREACH OF CONTRACT
## PLAINTIFF v. PROTECH

12. Plaintiff hereby incorporates and realleges by reference paragraphs 1 through 11 as if fully stated herein.

13. Via of the Contract, defendant ProTech represented itself as having superior knowledge and skill with respect to the installation and repair of commercial and industrial building roofs.

14. Via of the Contract with Buzz Oates as agent for Pac West, Plaintiff relied on defendant ProTech's skill, knowledge and judgment in the repair of the roof for the Building.

15. Defendant ProTech expressly agreed to perform its work in a good and workmanlike manner according to existing standards of construction and roofing in the area in which the roof was repaired and that the repair methods and materials used would be sound.

16. Plaintiff Pac West relied upon defendant ProTech's contractual representations.

17. Defendant ProTech failed to perform its work in a good and workman like manner as required by the Contract.

18. As a direct and proximate result of defendant ProTech's breach of contract of workmanship and materials, Plaintiff suffered damages as described herein.

WHEREFORE, Plaintiff demands judgment against defendant ProTech in an amount in excess of $1,300,000.00 according to proof, together with prejudgment interest, attorney's fees as allowed by the contract, the costs of this action, and such other relief as this Court deems just and proper.

## COUNT II – NEGLIGENCE
## PLAINTIFF v. PROTECH

19. Plaintiff hereby incorporates and realleges by reference paragraphs 1 through 11 as if fully stated herein.

20. Defendant ProTech had a duty to exercise reasonable care in its roof repair and replacement work and in its selection and supervision of the persons engaged to perform the repair of the roof system for the Building.

21. Defendant ProTech had a non-delegable duty to ensure that the roof repair for the Building was performed with reasonable care and in a good and workmanlike manner.

22. As a direct and proximate result of defendant ProTech's negligence, carelessness, and negligent omissions, Plaintiff suffered damage to its business property and business interests. The defendant's negligence, carelessness, and negligent omissions consisted, *inter alia*, of:

   a. failing to use reasonable care to ensure that the roofing work was properly performed in a good and workmanlike manner;

   b. failing to use reasonable care in the supervision of the roof repair;

   c. failing to ensure that the Building would be safe from an unreasonable risk of damage due to the failure to perform the work in a workmanlike manner;

   d. failing to act as a reasonably prudent roofer and installer of roofing systems; and

    e.  otherwise failing to exercise reasonable care in ways which may be disclosed in discovery.

  23. As a direct and proximate result of defendant ProTech's negligence as aforesaid, Plaintiff suffered damages as described herein.

WHEREFORE, Plaintiff demands judgment against defendant ProTech in an amount in excess of $1,300,000.00 according to proof, together with prejudgment interest, the costs of this action, and such other relief as this Court deems just and proper.

  This 29th day of May, 2024.

              SALTZ NALIBOTSKY

              */s/ Jay M. Goldstein*
              Jay M. Goldstein, Esquire
              Texas Bar No.: 24075791
              6101 Carnegie Blvd., Suite 440
              Charlotte, North Carolina 28209
              Phone: 704-910-2680
              Email: jgoldstein@s-nlaw.com

              *Counsel for Plaintiff*